Samuel M. Gold, J.
This is a motion to compel specific performance of a stipulation dated November 22, 1960, and a supplemental agreement dated December 23, 1960.
The stipulation was entered into in open court, in the presence of the court, on November 22, 1960, on the return of a motion made in this action. It provided for withdrawal of the motion and settlement of the action. The defendants, through their attorney, agreed, within 120 days thereafter, to deliver to plaintiffs or their attorney, releases by creditors of all debts arising from a production known as “The Pink Jungle” or evidence of payment of such debts. In return plaintiffs agreed to release a levy under a warrant of attachment on ‘ ‘ M-G-M ’ ’ and to pay $5,000 to defendants’ attorney upon receipt of the releases or evidence of payment of the debts. The stipulation further provided that the funds attached under other attachment levies made by plaintiffs were to be delivered to a designated person for use of paying debts of “ The Pink Jungle ”. Releases were to be exchanged by the parties upon delivery of releases or evidence of payment of the debts of “ The Pink Jungle ” and plaintiffs’ payment of the $5,000.
No claim is made by defendants’ attorney that he was not authorized by his clients to enter into the settlement stipulation on their behalf. On the contrary, his affidavit impliedly admits that he was authorized. He admittedly possesses a power of attorney from defendants which empowers him to do whatever is necessary to effectuate the settlement. By entering into the settlement stipulation, the defendants must be deemed to have appeared generally in the action.
It is unnecessary to determine whether service of the present order to show cause upon defendants was necessary, or whether such service was validly effective, for no motion to vacate the service has been made (as required by Civ. Prac. Act, § 237-a) *440 ami, even, if it had been made, such a motion would have to be denied, in view of defendants’ opposition to this application upon the merits (see last sentence of § 23'7-a, subd. 1) defendants may not, as they have tried to do, oppose the application upon the merits and then conclude, as they have done, with the request for leave to withdraw their opposition on the merits so that they may make a proper motion to vacate service.
Most of defendants ’ opposition to the granting of this application is devoted to an attempt to show that defendants have been willing to apply the amounts released from certain levies to the payment of debts of “ The Pink Jungle ”. Assuming that this is so, it furnishes no valid basis for denying the application. Defendants’ attorney concedes that his clients’ obligation is not limited to the funds under attachment, but is absolute 11 With respect to my clients, I recognize, and have so advised them, that their obligation to see the debts of 1 The Pink Jungle ’ paid is not limited by the funds under attachment * * * that such payment is an absolute obligation.” It is unnecessary to determine whether defendants’ alleged inability to perform the settlement stipulation would be a valid ground for denying this application, for there has been no factual showing that defendants are actually unable to perform.
For the reasons indicated, this motion, to the extent that it seeks to compel the defendants to perform the November 22 agreement, is granted.
Insofar, however, as relief is sought against the defendants’ attorney, the motion is denied. The only obligations assumed by the attorney are contained in the supplemental agreement executed by him on September 23, 1960. This agreement was not part of the settlement made in open court, although it appears to have been intended to implement the settlement stipulation. Furthermore, there is no satisfactory showing that defendants’ attorney has violated his agreement to execute documents required to release the levy therein referred to and deliver them to the escrow agent designated in the agreement.
(On reargument, May 31, 1961.)
The letter of plaintiffs’ attorney dated May 19, 1961 will be treated as a motion for reargument. The attorney for defendants assumed no personal obligations under the settlement agreement entered into in open court. The only obligations he assumed under that agreement were undertaken as agent for the defendants. The only personal obligations assumed by defendants’ attorney are those contained in the supplemental agreement of December 23, 1960 (the reference *441 in the opinion to Sept. 23, 1960 was a typographical error and is hereby corrected). The December 23 agreement was not, however,-' entered into in open court. It follows that plaintiff may not by a motion in the action obtain a decree of specific performance against defendants’ attorney. This remedy is a plenary action. Furthermore, as the court stated in its original opinion, the papers before it do not satisfy it that the attorney violated his agreement to execute the documents therein referred to and deliver them to the escrow agent. It is at least d'oubtful that defendants’ attorney intended to or did obligate himself to execute, on behalf of defendants, documents required to release the levy upon William Morris Agency, Inc., as to interests in the attached funds not belonging to the defendants. Defendants’ attorney has been willing to execute and deliver in escrow documents required to release defendants’ interests in the attached funds. It is not clear how he. or his clients could be expected to execute documents releasing the interests of others in the attached funds.
The motion for reargument is granted, but upon such r.eargument the original disposition is adhered to. This disposition is, however, without prejudice to a plenary action against defendants’ attorney.